IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tito Knox, | ) | C/A No. 6:19-1085-HMH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER REGARDING** |
| v. | ) | **AMENDMENT OF COMPLAINT** |
| | ) | |
| Maxwell B. Cauthen; Sergio Sanchez, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

The plaintiff, Tito Knox, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1915.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)

(D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this

action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the

deficiencies identified herein.

## I.     Factual and Procedural Background

Plaintiff files this action against a United States Attorney and a medical doctor on a standard

civil complaint form for *pro se* litigants, but the information provided by Plaintiff is incoherent.

Plaintiff claims he was tried on unspecified charges on June 22, 2007, and instead of returning to

court forty days later for a hearing, United States Attorney Maxwell B. Cauthen "overlooked"

Plaintiff's constitutional rights. (Compll, ECF No. 1 at 5.) Plaintiff also claims a medical doctor,

Sergio Sanchez, gave him "mind-altering drugs" after Sanchez found "no mental illness." (Id.)

Plaintiff claims this violated his civil liberties. (Id.) Plaintiff claims that had he received the

hearing, he would have been free, because he only needed to prove by a preponderance of the

evidence that there "was no violence." (Id.) Plaintiff cites to 18 U.S.C. § 4243 (hospitalization of a person found not guilty only by reason of insanity) and seeks damages.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901

F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

In accordance with the court's duty to liberally construe *pro se* pleadings, the court construes this action as seeking damages for violation of Plaintiff's civil rights by a federal prosecutor and a medical doctor.  Because Plaintiff is suing at least one federal officer, the court construes this action as seeking relief pursuant to Bivens v. Six Unkown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  In Bivens, the United States Supreme Court established a remedy for plaintiffs alleging certain constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities.  Id.; see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government.").

The Supreme Court recently emphasized the limited scope and availability of Bivens actions. See Ziglar v. Abbasi,137 S. Ct. 1843, 1857 (2017) (noting that the United States Supreme Court has extended Bivens only in limited circumstances, and cautioning that a Bivens remedy will not be available if there are "special factors counselling hesitation in the absence of affirmative action by Congress") (quoting Carlson v. Green, 446 U.S. 14, 18 (1980)); see also Attkisson v. Holder, (4th Cir. 2019) (discussing and applying Ziglar); see also Tun-Cos v. Perrotte, No. 18-1451 (4th Cir. Apr. 26, 2019) (Fourth and Fifth Amendment violations for actions of *immigration* officials not covered by Bivens).

However, Plaintiff fails to allege a recognizable constitutional violation by claiming that Cauthen "overlooked" his constitutional rights or did not call him for a hearing, or that Sanchez

provided him "mind-altering drugs." <u>See</u> Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); <u>Iqbal</u>, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). Accordingly, Plaintiff fails to state a claim upon which relief can be granted because he fails to allege any facts that would plausibly show the named defendants violated Plaintiff's constitutional rights. <u>See</u> <u>Evans v. Chalmers</u>, 703 F.3d 636, 647 (4th Cir. 2012) ("[C]onstitutional torts . . . require a demonstration of both but-for and proximate causation."); <u>see</u> <u>also</u> <u>Malley v. Briggs</u>, 475 U.S. 335, 344 n.7 (1986).

To the extent Plaintiff seeks damages against Cauthen for civil rights violations arising form Plaintiff's federal criminal matter, and to the extent such violations are cognizable under <u>Bivens</u> in light of <u>Ziglar</u>, Cauthen would be immune from suit for decisions related to Plaintiff's prosecution. <u>See</u> <u>generally</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976); <u>Lyles v. Sparks</u>, 79 F.3d 372, 377 (4th Cir. 1996) (explaining "the <u>Imbler</u> Court specified that absolute immunity protects prosecutors' decisions 'whether and when to prosecute' "); <u>but</u> <u>see</u> <u>See</u> <u>Allen v. Lowder</u>, 875 F.2d 82, 85 (4th Cir. 1989) ("[A] prosecutor is not entitled to absolute immunity when engaged in purely administrative or investigative functions.").

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the

PJG

deficiencies identified above.[1]  If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915.

**IT IS SO ORDERED**.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 28, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[1] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915.  Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself.  See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *<u>BEFORE</u>* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to <u>***ALL***</u> documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. <u>Personal information protected by Rule 5.2(a):</u>

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. <u>Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).</u>